LEWIS v LEWIS

Docket No. 73337. Submitted March 21, 1984, at Detroit.—Decided August 21, 1984.

Raymond P. Lewis was divorced from Mary J. Lewis in the Muskegon Circuit Court, Michael E. Kobza, J. Custody of two of the parties' four minor children was awarded to plaintiff and custody of the others to the defendant mother. Defendant appealed from the custody provisions. *Held:*

1. No custodial environment was established with regard to the two children awarded to the plaintiff. In such circumstances the correct standard of proof of the best interests of the children is that of a preponderance of the evidence. The trial court apparently applied a "clear and convincing evidence" standard. However, because the court properly considered each of the statutory factors required by the Child Custody Act, and the evidence was sufficient, the custody award was not disturbed by the Court of Appeals.

2. The trial court erred by conditioning the custody award to plaintiff upon plaintiff's being remarried within 30 days of the divorce judgment. Such a condition is against public policy. However, the error was not such as to require reversal of the custody award.

Affirmed.

M. J. KELLY, P.J., dissented. He would hold that, because the trial court held the defendant mother to the more burdensome "clear and convincing" standard of proof, the case should be remanded for reconsideration of the custody matter in the light of the appropriate standard of proof.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 136, 703.
[1-4] 59 Am Jur 2d, Parent and Child § 25 *et seq.*
[2, 4] 59 Am Jur 2d, Parent and Child § 27.
[3] 24 Am Jur 2d, Divorce and Separation § 1012.
Remarriage as ground for modification of divorce decree as to custody of child. 43 ALR2d 363.
[4] 42 Am Jur 2d, Infants § 43.

OPINION OF THE COURT

1. PARENT AND CHILD — CHILD CUSTODY — *De Novo* REVIEW.

   Custody cases are reviewed *de novo* on appeal, giving considerable deference to the trial court in matters of credibility and preference under the factors enumerated in the child custody statute (MCL 722.23; MSA 25.312[3]).

2. PARENT AND CHILD — CHILD CUSTODY — STANDARD OF PROOF.

   The measure of proof necessary for an award of child custody is that of a preponderance of the evidence where a custodial environment has not been established.

3. PARENT AND CHILD — CHILD CUSTODY — CONDITIONAL CUSTODY.

   A provision in a child custody award which conditions an award of custody upon the parent's remarriage within a certain time after the divorce judgment is against public policy.

DISSENT BY M. J. KELLY, P.J.

4. PARENT AND CHILD — CHILD CUSTODY — STANDARD OF PROOF.

   *A trial court's custody decision is to be based upon the best interests of the children as determined by the preponderance of the evidence where no custodial environment has been established; where the court applies the more burdensome clear and convincing standard of proof the case should be remanded for reconsideration based upon the appropriate standard of proof.*

*Legal Aid of Western Michigan (by William D. Evenson), for defendant.*

Before: M. J. KELLY, P.J., and BEASLEY and J. N. O'BRIEN,* JJ.

PER CURIAM. Defendant-appellant, Mary Jane Lewis, appeals as of right from the custody provisions of a divorce judgment dated August 15, 1983.

Married September 14, 1973, plaintiff, Raymond Percey Lewis, and defendant-appellant, Mary Jane Lewis, were divorced on August 15, 1983. The parties have four children, Christine, born October 8, 1973, Angie, born July 24, 1976, Daniel, born August 4, 1978, and Mark, born November 26, 1980. After trial, the trial judge took the matter

* Circuit judge, sitting on the Court of Appeals by assignment.

under advisement and then filed a written opinion on July 21, 1983. Pursuant to the opinion, the judgment of divorce awarded custody of Angie and Daniel to plaintiff-father and custody of Christine and Mark to defendant-mother. Plaintiff-father was ordered to pay child support for the two children awarded to defendant-mother in the sum of $25 per week per child, to continue until each child respectively reached 18. Defendant-mother appeals from the custody provisions provided in the judgment of divorce. Plaintiff-father does not file a brief on appeal.

In custody cases, on appeal we review *de novo* on the trial record. In so doing, we give considerable deference to the superior vantage point of the trial judge respecting issues of credibility and preferences under the factors enumerated in the child custody statute.[1]

In the within case, the trial judge held that a custodial environment was not established for Angie and Daniel. Under such circumstances, the measure of proof for award of custody is a preponderance of evidence.[2] This is the standard which the court indicated it was applying in its opinion determining custody of Angie and Daniel. However, as defendant points out, the court then referred to a "clear and convincing case" when it stated:

"The facts would indicate that the mother has made out a clear and convincing case for custody for all four children under the circumstances as they existed at the time of the hearing. However, if the father has married or is to be married in the immediate future (less than 30 days from the date of this opinion) this court would consider that she has not made out a 'clear and convincing' case against the father."

[1] MCL 722.23; MSA 25.312(3).

[2] *Baker v Baker,* 411 Mich 567, 582; 309 NW2d 532 (1981).

The court also referred to both standards when discussing plaintiff in its opinion, first indicating that plaintiff's burden of proof for a custody change was that of "clear and convincing evidence" and later holding that, as plaintiff had not met the "preponderance of evidence test", Christine and Mark would remain in their mother's custody.

In spite of this confusion in reference to the applicable standards, on review of the record we are not inclined to disturb the custody award made by the trial judge on this basis. The opinion indicates that the court carefully weighed each of the 11 factors required by the Child Custody Act of 1970 to determine the best interests of the children. While the court's language concerning the standards applied was confusing, the court's findings under each factor were based upon the evidence presented, and the testimony was such as to support the custody award by a preponderance of the evidence.

However, we believe the court erred in conditioning its award of custody of Angie and Daniel to plaintiff on plaintiff's marriage within 30 days of the divorce judgment. We believe this provision was against public policy. We do not, however, permit this error to become a basis for altering the custody determinations which were otherwise substantially according to law and in the best interests of the children.

Affirmed.

M. J. KELLY, P.J. *(dissenting)*. I respectfully dissent.

The trial court relied upon an incorrect standard of proof in awarding plaintiff-appellee custody of the two minor children, Angie and Daniel.

There is no dispute but that an established custodial environment did not exist for either child. Thus, and as recognized by the majority, the trial court's custody decision was to be based upon the best interests of the two children as determined by the preponderance of the evidence. *Baker v Baker,* 411 Mich 567, 582; 309 NW2d 532 (1981). The court, however, erroneously held defendant to the more burdensome clear and convincing standard of proof appropriately applicable on requests to change an established custodial environment.

While I would find that the court erred as a matter of law in awarding custody of Angie and Daniel to the plaintiff, I would not reverse the custody award as requested by defendant in her brief on appeal. I would instead remand to the trial court for reconsideration of the facts as established at the June 24, 1983, custody hearing in light of the appropriate standard of proof.