MEYER v MEYER

Docket No. 83029. Submitted June 12, 1986, at Lansing. Decided July 21, 1986.

Plaintiff, Gladys Lavonne Meyer, and defendant, Ralph Henry Meyer, were divorced by order of the Lenawee Circuit Court, John C. Timms, J., and custody of the parties' two minor sons was temporarily granted to plaintiff. The trial court also ordered psychological evaluations of the entire Meyer family. Defendant subsequently filed a petition seeking a change of temporary custody. Upon receiving the psychological evaluation of the family, the trial court issued an order granting physical custody of the two boys to defendant and legal custody to the Friend of the Court. Plaintiff filed a motion for reconsideration of the custody issue, arguing that the family's private therapist, who had earlier been unwilling to testify, was now willing to do so. The court granted the motion despite defendant's objections that no new evidence existed. Following rehearing, the court issued an amended judgment of divorce granting physical custody of one son to plaintiff and physical custody of the other son to defendant. Legal custody of both boys remained with the Friend of the Court. Defendant appealed. *Held:*

1. The trial court did not commit an error requiring reversal by failing to expressly determine whether an established custodial environment existed in this case. There was no established custodial environment, and the trial court properly assessed the best interests of the children under a preponderance of the evidence standard.

2. Defendant's claim that the testimony of the family's therapist, which the trial judge found highly significant in determining the best interests of the children, was not newly discovered evidence which would allow for a rehearing is without merit.

3. The trial court did not commit reversible error in failing to

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1003-1017.

Am Jur 2d, Parent and Child §§ 25-45.

Right of parent to regain custody of child after temporary conditional relinquishment of custody. 35 ALR4th 61.

Interference by custodian of child with noncustodial parent's visitation rights as ground for change of custody. 28 ALR4th 9.

reiterate its findings on each of the statutory factors upon reconsidering and amending the original custody order.

4. Defendant's argument that the trial court's findings in assessing the best interests of the children were against the great weight of the evidence is without merit.

5. The trial court did not err in placing legal custody of the children with the Friend of the Court for the sole purpose of monitoring and reporting on the progress and development of the children.

Affirmed.

1. PARENT AND CHILD — CHILD CUSTODY — CHANGE OF CUSTODY.

A court must find clear and convincing evidence that a change of custody is in a child's best interest before such a change is ordered after a custodial environment has been established; where no custodial environment has been established, the measure of proof necessary for an award of child custody is that of a preponderance of the evidence (MCL 722.27[c]; MSA 25.312[7][c]).

2. APPEAL — PARENT AND CHILD — CHILD CUSTODY.

All orders and judgments of a circuit court in a child custody matter must be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue (MCL 722.28; MSA 25.312[8]).

3. PARENT AND CHILD — CHILD CUSTODY — MODIFICATION OF CUSTODY ORDERS.

A child custody order is subject to modification at any time in the best interests of the child.

4. PARENT AND CHILD — CHILD CUSTODY — BEST INTERESTS OF CHILD.

A trial court, when deciding a custody matter, must evaluate each of the factors contained in the Child Custody Act and state a conclusion on each, thereby determining the best interests of the child; a failure to make such specific findings is reversible error; however, where, on rehearing, the court merely supplements its findings and does not disclaim its prior findings on the statutory factors, there is no need to reiterate the findings on each factor (MCL 722.23; MSA 25.312[3]).

Gladys Lavonne Meyer, *in propria persona,* for plaintiff.

*Des Chenes, Lucas & Baker, P.C.* (by *John D. Baker),* for defendant.

Before: Beasley, P.J., and D. F. Walsh and Hood, JJ.

Beasley, P.J. On November 7, 1983, plaintiff, Gladys Lavonne Meyer, filed this action seeking a divorce from defendant, Ralph Henry Meyer. On May 14, 1984, the trial judge conducted a hearing addressing the issue of which party should have custody of their two sons, Tyson, born January 13, 1976, and Derek, born September 7, 1977. On June 22, 1984, the trial judge, after hearing extensive testimony and interviewing the children, issued an order which granted plaintiff temporary custody of the boys. Subsequently, the trial judge ordered psychological evaluations of the entire Meyer family.

On July 20, 1984, a judgment of divorce was entered which provided that temporary custody of the children would be continued with plaintiff-mother pending completion of the psychological evaluations. On October 24, 1984, defendant filed a petition seeking a change of temporary custody. Upon receiving the psychological evaluation of the Meyer family on October 30, 1984, the trial judge issued a written opinion expressly assessing all of the factors relevant to a determination of the best interests of the children, pursuant to MCL 722.23; MSA 25.312(3), and issued an order granting physical custody of the boys to defendant-father and legal custody to the Friend of the Court.

On November 9, 1984, plaintiff filed a motion for reconsideration of the custody issue, claiming that the family's private therapist, who had treated Tyson prior to the divorce action, was now willing to testify. Apparently, the therapist had been unwilling to testify at the prior proceedings due to the parties' refusal to release her from her obligation of confidentiality. The trial judge, noting that

this had been a very close and difficult custody case, granted plaintiff's motion for rehearing, despite defendant's objections that no new evidence existed.

The rehearing was conducted on November 26, 1984. The parties released the private therapist from her obligation of confidentiality, and then both the therapist and the psychiatrist who had evaluated the family for the trial court testified as to their recommendations concerning custody. After hearing the testimony and again interviewing the children, the trial judge, on January 31, 1985, issued an amended judgment of divorce which granted physical custody of Tyson to defendant-father and of Derek to plaintiff-mother. Legal custody of both children was again placed in the Friend of the Court in order to have the agency prepare periodic reports on the children's progress. Defendant appeals from the amended custody award as of right.

On appeal, defendant raises five issues challenging the trial judge's redetermination of the custody issue in this matter. First, defendant argues that the trial judge erred in failing to expressly determine whether an established custodial environment existed for purposes of MCL 722.27(c); MSA 25.312(7)(c) before amending the custody order. Under the statute, once a custodial environment has been established, a court must find clear and convincing evidence that a change of custody is in the best interests of the child before such a change may be ordered.[1] Where there is no established custodial environment, the trial court may order a change in custody based on a preponderance of the

---

[1] *Lyons v Lyons,* 125 Mich App 626, 632; 336 NW2d 844 (1983).

evidence that such a change is in the best interests of the child.[2]

The trial judge herein made no finding as to whether an established custodial environment existed. Although such a failure will often require a remand to the trial court,[3] this Court has exercised its power of de novo review in child custody matters and made its own determination of whether an established custodial environment existed where the trial record permits.[4] Based on our review of the trial record in this case, we find that an established custodial environment did not exist with either plaintiff or defendant. Despite the award of temporary custody to plaintiff in May, 1984, the entire family resided in the family home until August, 1984, when plaintiff purchased her own home. For a period of approximately three months, from August, 1984, until the court awarded custody of the children to defendant in early November, 1984, the children resided solely with plaintiff-mother. Then for another three-month period from early November, 1984, until January 31, 1985, when the trial court amended the original custody order, the children resided solely with defendant-father.

MCL 722.27(c); MSA 25.312(7)(c) defines an established custodial environment as follows:

> The custodial environment of a child is established if *over an appreciable time* the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the rela-

---

[2] *Lewis v Lewis,* 138 Mich App 191, 193; 360 NW2d 170 (1984).

[3] See *Wealton v. Wealton,* 120 Mich App 406; 327 NW2d 493 (1982).

[4] See *Arndt v Kasem,* 135 Mich App 252, 257; 353 NW2d 497 (1984).

tionship shall also be considered. [Emphasis added.]

We do not believe that either of the three-month periods constituted an "appreciable" period of time which would support a finding that an established custodial environment existed as to either party. The record indicates that these periods were relatively hectic and unstable and did not result in either child looking primarily to the custodial party for "guidance, discipline, the necessities of life and parental comfort" on a permanent basis.

Since we find that the record clearly reveals that no established custodial environment existed in this situation for purposes of the child custody statute, remanding this matter to the trial court to address this issue is unnecessary. Pursuant to MCL 722.28; MSA 25.312(8), the decision of a trial judge in child custody matters should be reversed only if he has made findings of fact against the great weight of the evidence, or committed a palpable abuse of discretion or a clear legal error on a major issue. The trial judge, in determining the custody issue in this case, properly assessed the best interests of the children under a preponderance of the evidence standard. Therefore, we conclude that the trial judge, by failing to expressly determine whether an established custodial environment existed in this case, did not commit an error requiring reversal.

Next, defendant argues that the trial judge erred in admitting new evidence on rehearing. Defendant argues, both in the trial court and on appeal, that the trial judge could not properly hear the testimony of the family's private counselor at the rehearing since the testimony did not relate to a change in circumstances from the time of the original custody order and did not constitute

"newly discovered" evidence. Defendant's argument is without legal and factual merit.

In addressing this issue, we initially note that a custody order is subject to modification at any time in the best interests of the child.[5] In addition, a trial judge is granted extremely broad powers to carry out the purpose of serving a child's best interest. MCL 722.27(c); MSA 25.312(7)(c) provides that a trial judge may modify custody orders "for proper cause shown *or* because of a change in circumstances." There is no express restriction on a trial judge's considering a modification of a custody order to hear only "newly discovered" evidence or evidence of a "change in circumstances." And, due to the overriding purpose of allowing the trial judge to freely pursue the best interests of the child in child custody matters, we decline to imply such an evidentiary restriction.

Furthermore, we note that even if we adopted such an evidentiary restriction, the testimony of the family therapist was, in a sense, "newly discovered" evidence. The record indicates that the therapist felt she was unable to testify at the previous hearing due to some confusion concerning her obligation of confidentiality to the parties. Defendant did not expressly release the therapist from her obligation of confidentiality until the rehearing was actually conducted. Thus, defendant's claim that the therapist's testimony, which the trial judge found highly significant in determining the best interests of the children in this difficult custody case, was not "newly discovered" evidence which would allow for a rehearing is without merit.

Next, defendant argues that the trial judge, when he amended the original custody order, com-

[5] *Williamson v Williamson*, 122 Mich App 667, 671; 333 NW2d 6 (1982).

mitted reversible error by failing to make express findings of fact on each factor relevant to a determination of the best interests of the child under MCL 722.23; MSA 25.312(3). As previously indicated, the trial judge, in making the original custody award, did expressly set out his findings on each of the statutory factors. However, in amending the original custody order after rehearing and reconsideration, the trial judge did not reiterate his findings on each statutory factor.

In addressing this issue, we first note that this Court has clearly held that in deciding or modifying a custody order, a trial judge must expressly evaluate each statutory factor.[6] Failure to make such findings constitutes reversible error. However, we also note that the trial judge in this case amended the original custody order pursuant to plaintiff's motion to reconsider the original order, which was filed only one week after entry of the original order. The record reveals that the trial judge had serious doubts about his original custody order, which had been based extensively on the court-ordered psychological evaluation. The trial judge welcomed an opportunity to continue and rehear this matter, especially since the family's private therapist would now testify, and to reconsider his original order. In conducting the rehearing and in amending the original custody order upon reconsideration, it is clear that the trial judge did not disclaim his prior findings on the statutory factors. He merely supplemented his findings concerning the psychological evaluation of the family which he had evaluated previously under MCL 722.23(k); MSA 25.312(3)(k) (any other factor relevant to a determination of the child's best interests). After supplementing his findings on factor (k), the trial judge clearly stated his reasons

[6] *Id.,* p 672.

for amending the original custody order upon reconsideration.

We believe that this situation is not equivalent to that presented by a separate, independent petition for modification of a custody order which would require new findings on each statutory factor. In this situation, we believe that the amended custody order was the result of both the original custody hearing and the very timely rehearing, and that the court's findings should be viewed together. When the trial judge's findings from both hearings are viewed as a whole, it is clear that the trial judge made express findings on each of the statutory factors relevant to a determination of the best interests of the children. Therefore, we conclude that the trial judge did not commit reversible error in failing to reiterate his findings on each of the statutory factors upon reconsidering and amending the original custody order.

Next, defendant argues that the trial judge's findings in assessing the best interests of the children were against the great weight of the evidence. Defendant's argument is without merit. Our review of the record reveals that the trial judge's original findings as to each of the statutory factors was supported by the evidence presented at the original hearing and the psychological evaluation performed for the court. In addition, the trial judge's supplemental findings on statutory factor (k) upon reconsideration of the original order were supported by the evidence presented at the rehearing. The testimony of the family therapist, who had worked with the family during weekly sessions from November, 1983, until July, 1984, agreed with the psychological evaluation prepared for the court in that it found Tyson had significant psychological and behavior problems. The therapist also agreed that Tyson needed the particularly

stable and structured environment that defendant-father was better able to provide than plaintiff-mother.

However, the therapist differed from the recommendations in the psychological evaluation prepared for the court in that she believed Derek needed a more nurturing environment and that he felt more comfortable and safe with plaintiff-mother. She also revealed that Tyson often abused and intimidated the quiet, relatively well-behaved Derek. She noted that both boys were rather well-behaved when separated, but fought when together. She concluded that the boys would be better off if they were separated.

After hearing the therapist's testimony and the testimony of the social worker who prepared the evaluation for the court, the trial judge expressly found that the therapist's testimony reinforced his own observations of the children during his interviews with them. He then concluded that, in the best interests of the children, plaintiff-mother should have physical custody of Derek and defendant-father should have physical custody of Tyson. Based on our review of the record in this matter, we conclude that the trial judge's final determination in amending the original custody order was not against the great weight of the evidence and did not constitute a palpable abuse of discretion or a clear legal error allowing for reversal under MCL 722.28; MSA 25.312(8).

Last, defendant argues that the trial judge erred in placing legal custody of the children with the Friend of the Court agency. Defendant bases his argument on MCL 722.25; MSA 25.312(5), which provides:

When the dispute is between the parents, between agencies or between third persons the best

interests of the child shall control. When the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence.

Defendant claims that the trial judge erred in not applying the presumption in favor of parental custody in awarding legal custody to the Friend of the Court in this case. We disagree. We first note that the statutory provision does not technically apply in this situation, since this is not a dispute between the parents and the Friend of the Court, but rather is a dispute between the parents. In addition, we note that MCL 722.27(a); MSA 25.312(7)(a) broadly empowered a trial court to award custody "to 1 or more of the parties involved *or to others.*" Furthermore, MCL 722.26; MSA 25.312(6) provides that the Child Custody Act is to be liberally construed to promptly establish the rights of the children.

Thus, it appears that the trial judge, in this case involving only a dispute between the parents themselves, properly focused on the best interests of the children in placing legal custody with the Friend of the Court. All of the psychological evaluations and testimony indicated that both plaintiff and defendant have significant psychological deficiencies which affect their children. Both expert witnesses indicated that the family situation in this case required future treatment and review. The family therapist expressly recommended that the Friend of the Court monitor the family and prepare periodic reports for the court on the children's development. The trial judge concluded that the Friend of the Court could serve a significant role in assuring the best interests of the children

and, therefore, placed legal custody with the agency for the limited purpose of monitoring the progress of the children and preparing periodic reports on their development.

We believe that the statutory presumption favoring custody in the parents when the dispute is between the parents and an agency should not be applied by analogy to this dispute between the parents themselves. The Friend of the Court has a very limited, minimal "legal custody" role. The agency has no direct power to alter physical custody. Therefore, under the circumstances presented in this case, we conclude that the trial judge did not make findings of fact against the great weight of the evidence or commit a palpable abuse of discretion or a clear legal error in awarding "legal custody" to the Friend of the Court for the sole purpose of monitoring and reporting on the progress and development of the parties' children.

Affirmed.