HENRIKSON v GABLE

Docket No. 92458. Submitted March 3, 1987, at Grand Rapids. Decided August 4, 1987. Leave to appeal denied, 428 Mich 917. Reconsideration denied, 429 Mich —.

T. Gene Henrikson brought an action in the Mason Circuit Court against James L. Gable to recover custody of two of his children. Defendant had been married to the children's mother and, at the time of her death, the children were living with defendant. After her death, plaintiff and defendant agreed that the children would remain in defendant's custody, which they did for over 3½ years. The court, Richard I. Cooper, J., found in evaluating the factors that factor (d), the length of time the children had lived in a satisfactory environment, and the desirability of maintaining continuity favored defendant and outweighed factors (g), the mental and physical health of the parties, and (j), the willingness and ability of each to facilitate and encourage a close relationship between the child and the other parent, which favored Henrikson. The court granted custody to defendant. Plaintiff appealed.

The Court of Appeals *held:*

The trial judge's conclusions evidence a clear error on a major issue. The burden, in a child custody dispute between a natural parent and a third party, is on the third party to rebut the presumption that the best interests of the child are served by granting custody to the natural parent. Defendant failed to meet this burden.

Reversed.

1. PARENT AND CHILD — CHILD CUSTODY — NATURAL PARENT — ESTABLISHED CUSTODIAL ENVIRONMENT — PRESUMPTIONS.

The presumption, in a child custody case, in favor of the natural parent and the presumption in favor of the established custodial environment are both to be recognized but are not of equal weight; while the established custodial environment is to be favored unless there is clear and convincing evidence that a

REFERENCES

Am Jur 2d, Parent and Child §§ 28, 29, 41 *et seq.*

Award of custody of child where contest is between natural parent and stepparent. 10 ALR4th 767.

change is in the best interest of the child, it is presumed that the best interests of the child are served by granting custody to the natural parent (MCL 722.25, 722.27[c]; MSA 25.312[5], 25.312[7][c]).

2. PARENT AND CHILD — CHILD CUSTODY — NATURAL PARENT —
    THIRD PARTIES — BURDEN OF PROOF — PRESUMPTIONS.

The burden, in a child custody dispute between a natural parent and a third party, is on the third party to rebut the presumption that the best interests of the child are served by granting custody to the natural parent.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting* (by *Maurice E. Schoenberger* and *Michael G. Lofgren*), for plaintiff.

*Wadel & Bulger, P.C.* (by *John R. Bulger*), for defendant.

Before: GRIBBS, P.J., and D. F. WALSH and J. F. FOLEY,* JJ.

PER CURIAM. Plaintiff, T. Gene Henrikson, appeals as of right from the trial judge's determination that nine-year-old Danny Henrikson and eleven-year-old JoAnna (Joie) Henrikson should be in the custody of their former stepfather rather than their natural father. We reverse.

Plaintiff Henrikson is the natural father of the children and was previously married to their natural mother, Nancy Henrikson. The couple divorced in 1979 and Nancy Henrikson was given custody of Danny, Joie, and the couple's other child, Jay, age sixteen. Thereafter, Nancy Henrikson married defendant, James L. Gable. Gable was married to Nancy Henrikson-Gable at the time she died suddenly in March, 1982. Following her death, plaintiff and defendant agreed that custody of the children would remain with defendant Gable. In Au-

* Circuit judge, sitting on the Court of Appeals by assignment.

gust, 1983, after visiting his father in New York, Jay expressed a desire to live there with him. Gable consented, and in September, 1983, a stipulation and order to that effect was entered. Plaintiff filed the instant action seeking custody of Danny and Joie in December, 1985. On April 10, 1986, after a four-day custody trial, the trial judge, in a long and thorough opinion delivered from the bench, concluded that it was in the best interests of Danny and Joie that they remained in their established custodial environment with Gable.

On appeal, plaintiff first argues that the trial judge erred in failing to specifically rule whether the children had an established custodial environment with defendant. We do not find error. While the trial judge did not specifically state that the children had an established custodial environment with defendant, it is obvious from the trial judge's ruling that he believed an established custodial environment existed. In applying MCL 722.23; MSA 25.312(3), he found that factor (d) "the length of time the children have lived in a stable, satisfactory environment and [the] desirability of maintaining continuity . . . is weighed very strongly on behalf of the Gables." He also cited directly to *Deel v Deel*, 113 Mich App 556; 317 NW2d 685 (1982), where a panel of this Court held that the existence of an established custodial environment by a third party was an important factor to consider in determining whether the natural parent presumption had been rebutted. The trial judge, after noting how Gable had worked continuously to address Danny's learning disability, stated that the "portion that I've cited from *Deel*" favors Gable. From this record, we have no difficulty in concluding that the trial judge's ruling was tantamount to a finding that an established custodial environment existed. Moreover, on a de novo re-

view of the trial record, we find that the children had an established custodial environment with defendant. *Meyer v Meyer,* 153 Mich App 419, 423; 395 NW2d 65 (1986).

Next, plaintiff argues that the trial judge gave too much weight to the fact that James Gable had provided an established custodial environment and not enough weight to the fact that plaintiff was the children's natural father. In reviewing the trial judge's order, we are mindful that a trial court's resolution of a child custody dispute shall be affirmed unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue. MCL 722.28; MSA 25.312(8).

There are two competing presumptions in this case. MCL 722.25; MSA 25.312(5) sets forth the natural parent presumption:

> When the dispute is between the parents, between agencies or between third persons the best interests of the child shall control. When the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence.

Seemingly in conflict is MCL 722.27(c); MSA 25.312(7)(c) which states in pertinent part:

> The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. The custodial environment of a child is established if over an appreciable time the child

naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

This Court has struggled with the interaction between these two presumptions on many occasions, most recently in *Glover v McRipley,* 159 Mich App 130; 406 NW2d 246 (1987). But see also *Deel v Deel, supra; Stevens v Stevens,* 86 Mich App 258; 273 NW2d 490 (1978); *Siwik v Siwik,* 89 Mich App 603; 280 NW2d 610 (1979); *Bahr v Bahr,* 60 Mich App 354; 230 NW2d 430 (1975). Having examined these cases, we agree with the *Deel* panel's recognition that the two presumptions are not to be considered equally.

> [T]he language used in the statutes suggest that the presumptions are not, in fact, of equal weight. While the established custodial environment is to be favored unless there is clear and convincing evidence that a change is in the best interests of the child, it is presumed that the best interests of the child are served by granting custody to the natural parent. [*Deel, supra,* p 561.]

We also agree with the following language cited favorably in both *Deel* and *Bahr, supra:*

> [The presumption that the best interests of the child would be served by granting custody to the natural parent] remains a presumption of the strongest order and it must be seriously considered and heavily weighted in favor of the parent. Nevertheless, if the "clear and convincing evidence" establishes that the best interest of the child is served by awarding custody to the third party, the presumption is rebutted. [*Deel, supra,* pp 561-562.]

In the present case, the trial judge, while recognizing that defendant bore the burden of showing by clear and convincing evidence that custody in his favor was in the best interests of the children, also held that the existence of an established custodial environment with defendant justified maintaining custody with him. We believe that the trial judge approached the issue of law correctly but that he erred in applying the "clear and convincing evidence" standard. We do not believe that the defendant established by clear and convincing evidence that the best interests of the children required placing custody with him.

While it is true that in any child custody dispute the overriding concern is for the best interests of the child, it is also presumed that the best interests of a child are served by placing custody with the natural parent, unless otherwise shown by clear and convincing evidence. MCL 722.25; MSA 25.312(5). We agree that a showing that a parent is unfit is not required to overcome this presumption. *Stevens v Stevens, supra,* and *Bahr v Bahr, supra.* Nonetheless, we construe the "clear and convincing evidence" standard to be a substantive standard rather than just an evidentiary standard. *Carson v Carson,* 156 Mich App 291, 300-302; 401 NW2d 632 (1986). Consequently, in order to overcome the natural parent presumption, the trial judge was required to find that, when all of the factors in MCL 722.23; MSA 25.312(3) were collectively considered, defendant clearly and convincingly established that the best interests of the children required maintaining custody with defendant. It is not sufficient that defendant may have established by clear and convincing evidence that a marginal, though distinct, benefit would be gained if the children were maintained with him. *Carson v Carson, supra.*

After applying the factors in § 23, the trial judge found that the parties were equal except that (d), "the length of time the child had lived in a satisfactory environment and the desirability of maintaining continuity," strongly favored Gable, while (g), "the mental and physical health of the parties involved," and (j), "the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent," favored Henrikson. He then concluded, "The difference between (d), where the Gables were substantially strong, was still enough to outweigh (j)."

We believe that the trial judge's conclusion evidences a clear legal error on a major issue. MCL 722.28; MSA 25.312(8). It was not enough that the factors in favor of Gable outweighed those in favor of Henrikson. In order to give full effect to the natural parent presumption, the trial judge was required to find by clear and convincing evidence that the best interests of the children required maintaining custody with defendant. Defendant failed to meet this burden.

The order placing custody of the children with defendant is reversed. The children shall be placed in the custody of plaintiff.

Reversed.