RUMMELT v ANDERSON

Docket No. 142697. Submitted June 4, 1992, at Grand Rapids. Decided
    August 19, 1992; approved for publication October 28, 1992, at
    9:00 A.M. Leave to appeal sought.

    Robert L. Rummelt petitioned the Kent Circuit Court for an
    order granting him custody of a child born to Kathleen Price,
    alleging that he was the father of the child. The child never
    lived with the petitioner, and the petitioner and Price never
    married. Price died six months after the child's birth. After her
    death, respondent, Doris Anderson, the child's great-aunt, as-
    sumed custody. The court, Dennis C. Kolenda, J., after finding
    the petitioner to be the child's father, granted the parties'
    request for a trial regarding custody. Following a trial, the
    court found that the respondent's home had become the child's
    established custodial environment. The court recognized the
    conflict of two presumptions in cases involving a natural parent
    seeking custody from a third party who has provided an estab-
    lished custodial environment: MCL 722.25; MSA 25.312(5) pro-
    vides that the best interest of the child is served by awarding
    custody to the parent unless the contrary is established by
    clear and convincing evidence; MCL 722.27(1)(c); MSA 25.312(7)
    (1)(c) provides that courts are not to change the established
    custodial environment of a child unless clear and convincing
    evidence is presented that it is in the best interest of the child.
    The court held that the presumptions do not cancel each other,
    but combine to reduce the burden of proof from clear and
    convincing to a preponderance of the evidence, and that the
    burden of persuasion rests with the parent challenging an
    established custodial environment. The court then concluded
    that the evidence overwhelmingly showed that the best interest
    of the child required that custody be granted to the respondent.
    The petitioner appealed.

    The Court of Appeals held:

    1. The trial court did not err in determining that an estab-

References

Am Jur 2d, Parent and Child §§ 28, 29, 34.
Right of putative father to custody of illegitimate child. 45 ALR3d
    216.

lished custodial environment existed with the respondent. It was proper for the court to determine whether an established custodial environment existed in light of the fact that the petitioner's paternity of the child was uncertain at the time she was placed in the respondent's care and was determined only after he filed his petition and because there was a substantial period between the initial separation and the trial.

2. The trial court properly placed the burden upon the petitioner to prove that awarding him custody was in the child's best interest. The existence of the two presumptions reduces the burden of persuasion from clear and convincing to a preponderance of the evidence, and the burden of persuasion rests with the party challenging an established custodial environment in the home of a third party.

3. The trial court correctly determined that awarding custody to the respondent was in the child's best interest. The court's findings of fact were neither clearly erroneous nor against the great weight of the evidence.

Affirmed.

1. Pᴀʀᴇɴᴛ ᴀɴᴅ Cʜɪʟᴅ — Cʜɪʟᴅ Cᴜsᴛᴏᴅʏ — Esᴛᴀʙʟɪsʜᴇᴅ Cᴜsᴛᴏᴅɪᴀʟ Eɴᴠɪʀᴏɴᴍᴇɴᴛ.

Whether an established custodial environment exists is a proper determination in a case where a child's natural father seeks custody of the child from a third party who allegedly has provided the child an established custodial environment, where the father's paternity of the child was uncertain at the time the child was placed in the third party's custody without a custody order, and where there has been a substantial period between the placement of the child and the trial.

2. Pᴀʀᴇɴᴛ ᴀɴᴅ Cʜɪʟᴅ — Cʜɪʟᴅ Cᴜsᴛᴏᴅʏ — Nᴀᴛᴜʀᴀʟ Pᴀʀᴇɴᴛ — Tʜɪʀᴅ Pᴀʀᴛɪᴇs — Esᴛᴀʙʟɪsʜᴇᴅ Cᴜsᴛᴏᴅɪᴀʟ Eɴᴠɪʀᴏɴᴍᴇɴᴛ — Pʀᴇsᴜᴍᴘᴛɪᴏɴs. ·

Two statutory presumptions conflict in cases involving a natural parent seeking custody from a third party who has provided an established custodial environment for the child: that the best interest of the child is served by awarding custody to the parent unless the contrary is established by clear and convincing evidence, and that courts may not change the established custodial environment of a child unless clear and convincing evidence is presented that it is in the best interest of the child; the existence of the conflicting presumptions reduces the burden of persuasion from clear and convincing to a preponderance of the evidence, and places the burden of persuasion on the parent challenging the established custodial environment

in the home of the third party (MCL 722.25, 722.27[1][c]; MSA 25.312[5], 25.312[7][1][c]).

*John D. Deeb* and *Michael L. Idema,* for the petitioner.

Legal Aid of Western Michigan (by *William J. Weir, III*), for the respondent.

Before: HOLBROOK, JR., P.J., and BRENNAN and GRIFFIN, JJ.

PER CURIAM. Petitioner, Robert Lee Rummelt, appeals as of right a July 1, 1991, Kent Circuit Court order awarding custody of his daughter, born April 25, 1989, to the respondent, Doris Anderson. Respondent is the child's great-aunt. We affirm.

The child was born to Kathleen Price premature and addicted to cocaine. During the pregnancy, Price regularly consumed alcohol and cocaine. Petitioner assisted Price in acquiring these substances. Price supported herself and her substance addictions by prostitution. Petitioner became involved with Price while he was married to another woman. Petitioner visited the child regularly after her birth and helped support her financially until the death of Price on October 15, 1989.

After Price died, her mother, Ruth Bryant, took physical custody of both of Price's daughters. However, she was unable to keep the children because of her health, and asked her sister, the respondent, to assume responsibility for them. Physical custody of Price's two daughters remains with the respondent at the present. Respondent has not allowed the petitioner to see his child since Price died.

On November 3, 1989, petitioner filed a petition against Bryant, seeking custody of his child. Re-

spondent was later joined as a party. After a prehearing conference, a blood test established a high probability that the petitioner was the child's father, and the court entered an order recognizing the petitioner's paternity. Petitioner then filed a motion seeking custody of the child. Instead of hearing arguments on that motion, the circuit court granted the parties' request for a trial regarding custody.

Following trial, the trial court found that the respondent's home had become the child's established custodial environment. The trial court then evaluated the conflict of two presumptions in cases involving a natural parent seeking custody from a third party who has provided an established custodial environment. As the trial court noted, MCL 722.25; MSA 25.312(5) provides a presumption that the best interest of the child is served by awarding custody to the parent unless the contrary is established by clear and convincing evidence. At the same time, MCL 722.27(1)(c); MSA 25.312(7)(1)(c) provides that courts are not to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. Citing *Zuziak v Zuziak,* 169 Mich App 741, 750-751; 426 NW2d 761 (1988), *Glover v McRipley,* 159 Mich App 130, 146-148; 406 NW2d 246 (1987), and *Deel v Deel,* 113 Mich App 556, 560-562; 317 NW2d 685 (1982), the trial court held that the presumptions do not cancel each other, but combine to reduce the burden of proof from clear and convincing to a preponderance of the evidence. Although this Court in *Deel* decided that the burden is on the third party to rebut the presumption in favor of the natural parent, the trial court in this case relied upon *Glover* and *Zuziak* to determine that the burden of persuasion rests with the parent

challenging an established custodial environment. The trial court concluded that the evidence overwhelmingly showed that the best interest of the child required that custody be granted to the respondent.

As his first issue on appeal, the petitioner argues that the trial court erred in applying the presumption in favor of an established custodial environment because the presumption applies only to orders that modify an earlier custodial order. Because there was no previous custodial order, he argues, the existence of an established custodial environment was irrelevant. He asserts that the trial court erred in imposing upon him the burden of proving by a preponderance of the evidence that awarding him custody was in the best interest of the child.

In *Helms v Helms,* 185 Mich App 680, 682; 462 NW2d 812 (1990), this Court held that in an original custody action, unlike an action for modification or amendment of previous custody judgments, a circuit court need not reach the question whether an established custodial environment exists. However, in *Bowers v Bowers,* 190 Mich App 51, 53-54; 475 NW2d 394 (1991), another panel of this Court held that a trial court must determine whether an established custodial environment exists when the parties have stipulated to a temporary custody arrangement, because such an arrangement is analogous to a temporary custody order. In this case, we believe that the reasoning of *Bowers* is applicable in light of the fact that the petitioner's paternity of the child was uncertain at the time she was placed in the respondent's custody. Moreover, there was a substantial period between the initial separation and the trial. *Id.* Consequently, we find that the trial court did not

err in determining that an established custodial environment existed with the respondent.

A conflict exists in this Court regarding the application of the two statutory presumptions present in this case. One line of cases holds that the presumption in favor of the natural parent is to be weighted more heavily than the presumption in favor of the third party, and that the third party has the burden of rebutting by clear and convincing evidence the presumption in favor of the natural parents. See *Deel,* pp 561-562; *Henrikson v Gable,* 162 Mich App 248, 252-253; 412 NW2d 702 (1987). However, in *Glover,* pp 144-148, this Court found that the existence of the two presumptions reduces the burden of persuasion from clear and convincing to a preponderance of the evidence, and that the burden of persuasion rests with the parent challenging an established custodial environment in the home of a third party. For the reasons stated therein, we agree with this Court's decision in *Glover.* Thus, the trial court did not err in placing the burden upon the petitioner to prove that awarding him custody of the child was within her best interest.

Petitioner also argues that the trial court's finding of fact was clearly erroneous, or, alternatively, that the decision to award the respondent custody was against the great weight of the evidence.

We review child custody cases de novo. *Bowers,* p 53. We will affirm all custody orders and judgments unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or made a clear legal error on a major issue. MCL 722.28; MSA 25.312(8); *Truitt v Truitt,* 172 Mich App 38, 42; 431 NW2d 454 (1988). The trial court correctly determined that awarding the respondent custody was within the best interest of the child. The trial

court carefully considered each of the statutory factors relative to the best interest of the child. MCL 722.23; MSA 25.312(3). The trial court's findings of fact were neither clearly erroneous nor against the great weight of the evidence. It found that strong emotional ties existed between the respondent and the child, that the respondent had the greater capacity and disposition to provide the child with love and affection given the child's addiction, that the respondent was taking excellent care of the child, and that the respondent prevailed on the moral-fitness factor. Because the trial court's findings are satisfactorily supported by the testimony, we defer to its conclusion. *Zuziak,* p 748.

Affirmed.