STRAUB v STRAUB

Docket No. 172059. Submitted December 8, 1994, at Lansing. Decided
February 22, 1995, at 9:20 A.M.

Raylene L. Straub voluntarily relinquished custody of her minor
daughter to the daughter's paternal grandparents, Carl and
Margaret Straub. All the parties, including the child's father,
Mark E. Straub, intended the custody arrangement to be
temporary and that Raylene was to regain custody once she
was able to provide a suitable home for the child. The Monroe
Circuit Court entered an order granting the grandparents
temporary custody and a subsequent order granting them
permanent custody. Raylene and Mark were divorced thereaf-
ter and the judgment granted the grandparents custody of the
child. Raylene then petitioned for a change of custody to
herself. The court, William F. Lavoy, J., denied the petition.
Raylene appealed.

The Court of Appeals *held:*

1. Raylene showed by a preponderance of the evidence that
awarding her the custody of the child was in the child's best
interest.

2. The court erred in finding the best interest of the child
factors regarding moral fitness and the mental and physical
health of the parties in favor of the grandparents. The fact that
the grandparents were many years older and thus had an
established home for more years then Raylene was given too
much weight by the court. The court should have found the
parties to be equal with regard to these and all the other best
interest factors.

3. The court erred in failing to consider the fact that Raylene
voluntarily relinquished custody with the understanding that
the arrangement was to be temporary. Application of the

Rᴇꜰᴇʀᴇɴᴄᴇꜱ

Am Jur 2d, Parent and Child §§ 28-30.

Award of custody of child where contest is between child's mother
and grandparent. 29 ALR3d 366.

Continuity of residence as factor in contest between parent and
nonparent for custody of child who has been residing with non-
parent—modern status. 15 ALR5th 692.

state's public policy to encourage parents to transfer custody of their children to others temporarily when they are in difficulty by returning custody when they have solved their difficulty tips an otherwise equal scale in Raylene's favor. The court abused its discretion in failing to grant Raylene's petition. The matter must be reversed and remanded for reconsideration of the custody award. The trial court must consider all the information that has arisen since its original custody order.

Reversed and remanded.

PARENT AND CHILD — CHILD CUSTODY — TEMPORARY TRANSFER OF
    CUSTODY — PUBLIC POLICY.

The public policy of this state is to encourage parents to transfer custody of their children to others temporarily when they are in difficulty by returning custody to the parents when they have solved their difficulty.

*Mark G. Rogow,* for Raylene Straub.

*E. J. McCormick, Jr.,* for Carl and Margaret Straub.

Before: DOCTOROFF, C.J., and MCDONALD and W. J. GIOVAN,* JJ.

PER CURIAM. Defendant appeals as of right from a January 20, 1994, order denying her petition for a change of custody of her minor daughter from the daughter's paternal grandparents to herself. We reverse and remand for further proceedings consistent with this opinion.

During her divorce from plaintiff Mark E. Straub, defendant voluntarily relinquished custody of her daughter, Crystal, to plaintiffs Carl and Margaret Straub. All parties concerned admit the custody arrangement was understood to be temporary, and that defendant was to regain custody

* Circuit judge, sitting on the Court of Appeals by assignment.

once she was able to provide a stable home for Crystal.[1]

With the aid of counseling and extensive participation in Alcoholics Anonymous, at the time of trial defendant had remained sober since October 30, 1991, had begun furthering her education, and had maintained an adequate residence. There appears to be no dispute defendant has taken control of her life and created an adequate environment in which to raise her daughter. Nonetheless, the trial court denied defendant's petition for custody.

Although the court acknowledged the existence and applicability of two conflicting presumptions—the presumption that the best interest of a child is served by awarding custody to the natural parent, MCL 722.25; MSA 25.312(5), and the rule that absent clear and convincing evidence to the contrary, custody will not be changed when there is an established custodial environment, MCL 722.27(1)(c); MSA 25.312(7)(1)(c)—it is unclear how the court reconciled the presumptions.[2]

This Court addressed the conflicting nature of these presumptions in *Rummelt v Anderson*, 196 Mich App 491; 493 NW2d 434 (1992). Settling a conflict regarding the issue among panels of this Court, the *Rummelt* panel determined the existence of the two presumptions reduces the burden of persuasion from clear and convincing to a preponderance of the evidence, and that the burden of persuasion rests with the parent challenging an

---

[1] An award granting temporary physical custody to the grandparents was entered on October 2, 1990. An order granting them permanent custody was entered on October 18, 1990. Plaintiff Mark Straub's and defendant's judgment of divorce, granting legal custody to the grandparents, was entered on June 7, 1991.

[2] In considering the child custody factors, MCL 722.23; MSA 25.312(3), the trial court found with regard to factor d that the grandparents had established a custodial environment for Crystal. Contrary to defendant's assertions, this finding is well supported by the record.

established custodial environment in the home of a third party. Thus, in the present matter, defendant was required to show by a preponderance of the evidence that awarding her the custody of her daughter was within Crystal's best interest. We believe she met this burden.

In considering the best interest factors found in MCL 722.23; MSA 25.312(3), the trial court found there was equal weight to both parties on factors a through c. As previously noted, with regard to factor d, the trial court found the grandparents had established a custodial environment. Regarding factor e, permanence with a family unit, the trial court gave a slight edge to the grandparents because Crystal had her own room at their house. With regard to factors f and g, moral fitness and the mental and physical health of the parties, the trial court did not believe defendant would relapse. However, it found the grandparents had had an established home for thirty-five years, while defendant had only established herself and her sobriety for over two years and, on that basis, found it had to give a clear edge to the grandparents with regard to those factors. We believe the court clearly erred in this finding. *Rummelt, supra.* Under these factors, the fact the grandparents were many years older and thus had had an established home for more years than defendant should not have been given the weight afforded it by the trial court. No evidence was presented that defendant had done anything improper in Crystal's presence or had been anything except an exemplary parent during the 2½ years proceeding the trial. The factors of moral, mental, and physical fitness, like all the other factors, should have been found to be equal between the parties.

Given defendant had the burden of proving by a preponderance of the evidence that Crystal's best

interests would be served if custody were given to defendant, and now having concluded the evidence presented indicated the best interest factors were equal between the parties, it would appear the trial court reached the correct result. However, we find the court erred in failing properly to consider one additional factor. Defendant voluntarily relinquished custody of Crystal with the understanding that the arrangement was to be temporary. Because all the parties agreed this was the understanding at the time the grandparents obtained custody, the trial court's finding to the contrary is against the great weight of the evidence. This Court has determined it to be good public policy to encourage parents to transfer custody of their children to others temporarily when they are in difficulty by returning custody when they have solved their difficulty. *Loyd v Loyd,* 182 Mich App 769; 452 NW2d 910 (1990). Application of this policy here tips an otherwise equal scale in defendant's favor.

Considering this factor, we believe the court abused its discretion in failing to grant defendant's petition for a change of custody. We therefore remand the matter to the trial court for reconsideration of its custody award. The court is to consider all up-to-date information arising since the trial court's original custody order. *Fletcher v Fletcher,* 447 Mich 871; 526 NW2d 889 (1994). We do not retain jurisdiction.

Reversed and remanded.