## LaFLECHE v YBARRA

Docket No. 225283. Submitted August 9, 2000, at Lansing. Decided October 10, 2000, at 9:00 A.M.

Timothy J. LaFleche brought an action in the Montmorency Circuit Court against Darcy L. Ybarra , seeking an order of filiation declaring the plaintiff to be father of the parties' minor child. The court, John F. Kowalski, J., entered an order of filiation and ordered joint legal custody with primary physical custody of the child being with the defendant. Subsequently, the plaintiff petitioned the court to transfer to him the physical custody of the child. At the custody hearing, evidence was presented that the defendant and the child lived with the defendant's parents, that the child had lived in her maternal grandparents' home for most of her life, and that the maternal grandmother was significantly involved in the child's care, if not, in fact, the child's primary custodian. At the conclusion of the hearing, the court stated on the record its findings regarding the statutory best interests factors and then asked the parties to submit briefs regarding whether a custodial environment could be established with the child's grandparents. Thereafter, the court denied the plaintiff's petition for a change of physical custody, finding that an established custodial environment existed with the child's grandparents and that the plaintiff had failed to show a need for a change in custody by clear and convincing evidence. The plaintiff appealed, claiming that because the maternal grandparents were the child's custodians, the trial court erred in requiring that the plaintiff support his request for a change of custody with clear and convincing evidence that a change in custody was in the child's best interests, and that because this is essentially a custody dispute between him, i.e., the natural father, and third parties, i.e., the maternal grandparents, he was only required to show by a preponderance of the evidence that a change of custody was in the child's best interests.

The Court of Appeals *held*:

1. The plaintiff is mistaken in his characterization of the nature of this custody dispute. This custody dispute is not between the plaintiff and the maternal grandparents. Although the defendant and the child reside with the child's maternal grandparents, the

defendant has legal custody of the child. The maternal grandparents have neither sought legal custody of the child nor opposed the plaintiff's petition to modify physical custody. Accordingly, although an established custodial environment for the child exists in the home of the maternal grandparents, this custody dispute was between the plaintiff and the defendant, the natural parents of the child. Because this is a dispute between the natural parents of the child and there is an established custodial environment, the trial court properly followed the mandate contained in MCL 722.27(1)(c); MSA 25.312(7)(1)(c) that courts may not change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interests of the child.

2. Even if the parental presumption of MCL 722.25(1); MSA 25.312(5)(1) were applicable in this case, with the conflict of that presumption with the established custodial environment presumption resulting in the plaintiff having only the burden of showing by a preponderance of the evidence that the change in custody was in the best interests of the child, the plaintiff suffered no prejudice, because under either standard the court's findings and determination were proper.

3. The court did not err in finding that the parties were equal with regard to the capacity and disposition to provide the child with food, clothing, medical care, and other material needs.

4. The plaintiff's assertion that the trial court did not consider the report of the friend of the court that had been admitted into evidence by stipulation of the parties is not supported by the record. The court affirmatively stated on the record that it had reviewed the report and the attachments and asked the parties if the report could be used as evidence in this case. The fact that the court did not make specific findings of fact concerning the recommendations contained in the report of the friend of the court does not establish that the court did not consider the report in making its statutorily required findings of fact regarding the best interests of the child.

Affirmed.

Divorce — Child Custody — Child's Best Interests — Findings of Fact.

The failure of a court hearing a child custody dispute to make specific findings of fact concerning recommendations made in a report of the friend of the court that was admitted into evidence by stipulation of the parties does not render the court's findings with respect to the statutory factors relating to the best interests of the child insufficient where it is clear that the court considered the report (MCL 722.23; MSA 25.312[3]).

*Jeffrey T. Lyon,* for the plaintiff.

Before: Kelly, P.J., and Whitbeck and Collins, JJ.

Kelly, P.J. Plaintiff appeals as of right from an order denying his petition for physical custody of the parties' minor child, Brooklyn Dale Ybarra. We affirm.

Plaintiff and defendant lived together from 1992 until 1994. Brooklyn was born on February 18, 1992. On April 22, 1996, an order was entered granting physical custody of the child to defendant. Plaintiff was given visitation rights. In 1999, plaintiff petitioned for physical custody of the child, claiming that the child lived with her maternal grandparents and that defendant had little contact with the child.

A custody hearing was held. At the hearing, evidence was presented that indicated that defendant and Brooklyn lived with defendant's parents, that Brooklyn had lived in her maternal grandparents' house for most of her life, and that Brooklyn's grandmother, Mickey Ybarra, was very involved in caring for Brooklyn, if not, in fact, Brooklyn's primary custodian.[1]

At the conclusion of the hearing, the trial court stated on the record its findings regarding the best interests factors found in MCL 722.23; MSA 25.312(3). The court also asked the parties to submit briefs regarding whether a custodial environment could be established with the child's grandparents. On January 26, 2000, the court issued an opinion and order denying plaintiff's petition on the basis of the court's find-

---

[1] The evidence indicated that defendant worked long hours and sometimes spent the night or several nights in a row with her boyfriend. Additionally, the evidence indicated that defendant and Brooklyn had moved out of the grandparents' home for short periods on a couple of occasions.

ings that an established custodial environment existed with the grandparents and that plaintiff had failed to show the need for a modification of custody by clear and convincing evidence.

I

On appeal, plaintiff argues that because the maternal grandparents were Brooklyn's custodians, the trial court erred in requiring that plaintiff support his request for change of physical custody with clear and convincing evidence that such a change was in Brooklyn's best interest.

We apply three standards of review in custody cases. The great weight of the evidence standard applies to all findings of fact. *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). Under that standard, the trial court's findings will be sustained unless the evidence clearly preponderates in the opposite direction. *Fletcher v Fletcher*, 229 Mich App 19, 24; 581 NW2d 11 (1998), citing *Fletcher v Fletcher*, 447 Mich 871, 877-878; 526 NW2d 889 (1994). An abuse of discretion standard applies to the trial court's discretionary rulings such as custody decisions. *Phillips, supra* at 20; *Fletcher, supra*, 229 Mich App 24. "A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Phillips, supra* at 20.

A custody award may be modified on a showing of proper cause or change of circumstances that establishes that the modification is in the child's best interest. MCL 722.27(1)(c); MSA 25.312(7)(1)(c); *Dehring v Dehring*, 220 Mich App 163, 166; 559 NW2d 59 (1996). The threshold determination in a court's decision to

modify an existing custody order is whether an established custodial environment exists. MCL 722.27(1)(c); MSA 25.312(7)(1)(c); *Hayes v Hayes*, 209 Mich App 385, 387; 532 NW2d 190 (1995); *Wealton v Wealton*, 120 Mich App 406, 410; 327 NW2d 493 (1982). "[A] custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort." MCL 722.27(1)(c); MSA 25.312(7)(1)(c). Factors to be considered in this determination include "[t]he age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship." MCL 722.27(1)(c); MSA 25.312(7)(1)(c).

Where no established custodial environment exists, the trial court may change custody if it finds, by a preponderance of the evidence, that the change would be in the child's best interests. *Mann v Mann*, 190 Mich App 526, 531; 476 NW2d 439 (1991). However, where an established custodial environment does exist, a court is not to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. MCL 722.27(1)(c); MSA 25.312(7)(1)(c);[2] *Rummelt v Anderson*, 196 Mich App 491, 494; 493 NW2d 434 (1992).

MCL 722.25(1); MSA 25.312(5)(1) provides that when the dispute is between the parent or parents

---

[2] MCL 722.27(1)(c); MSA 25.312(7)(1)(c) provides in pertinent part as follows: "The court shall not modify or amend its previous judgments or orders or issue a new order so as to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child."

and an agency or a third person, it is presumed that the best interest of the child is served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence.[3] *Rummelt, supra* at 494. However, as above indicated, the established custodial environment presumption contained in MCL 722.27(1)(c); MSA 25.312(7)(1)(c) provides that courts are not to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. There is a conflict in these two presumptions in cases involving a natural parent seeking custody from a third party who has provided an established custodial environment. *Rummelt, supra* at 494. This Court has previously concluded that, "in instances in which both the parental presumption of § 5 and the established custodial environment presumption of § 7 are applicable, the burden of proof evolves into a preponderance of the evidence." *Glover v McRipley*, 159 Mich App 130, 146; 406 NW2d 246 (1987). Each party bears the burden of proof vis-a-vis his own presumption but "the burden of persuasion rests with the parent challenging an established custodial environment in the home of a

_____

[3] MCL 722.25(1);  MSA 25.312(5)(1) provides in pertinent part as follows:

If a child custody dispute is between the parents, between agencies, or between third persons, the best interests of the child control. If the child custody dispute is between the parent or parents and an agency or a third person, the court shall presume that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence.

third party." *Id.* at 147, see also *Rummelt, supra* at 496.

On appeal, plaintiff does not dispute that an established custodial environment may exist in the home of someone other than the natural parents, in this case the maternal grandparents, and we have previously recognized that this may, under certain circumstances, be the case. See *Rummelt, supra* (the great-aunt's home was the minor child's established custodial environment); *Zuziak v Zuziak,* 169 Mich App 741; 426 NW2d 761 (1988) (the stepmother's home was the minor child's established custodial environment). Moreover, plaintiff does not dispute that an established custodial environment did, in fact, exist with the maternal grandparents.[4] Plaintiff's claim on appeal is that because the maternal grandparents were Brooklyn's custodians, the trial court erred in requiring that plaintiff "make his case by clear and convincing evidence." Plaintiff claims that because this dispute was between himself, i.e., the natural father, and the maternal grandparents, he was only required to show that a change of custody was in the child's best interest by a preponderance of the evidence. Plaintiff is mistaken. The dispute in this case was not between plaintiff and the maternal grandpar-

---

[4] In any event, it is clear from the evidence presented at the custody hearing that Brooklyn's grandparents provided her with a home, cared for her, arranged for her school and extracurricular activities, transported her to visitations with her father, and looked after Brooklyn during defendant's periodic absences. Under these circumstances, it is clear that an established custodial environment existed in the grandparents' home. MCL 722.27(1)(c); MSA 25.312(7)(1)(c). Therefore, it does not appear that the trial court's finding that a custodial environment was established with the grandparents was against the great weight of the evidence. "A rose by any other name . . . ." William Shakespeare, *Romeo and Juliet,* Act II, scene 2, line 43.

ents. Although Brooklyn and defendant resided with the grandparents, defendant had legal custody of Brooklyn. Moreover, the maternal grandparents were not seeking legal custody of the child and had not, themselves, opposed plaintiff's petition to modify physical custody. The custody dispute was between plaintiff and defendant, the natural parents.[5] Under these circumstances, where the dispute is between the natural parents, clear and convincing evidence must be presented to justify a change in custody. MCL 722.25(1); MSA 25.312(5)(1). Therefore, the trial court did not err in requiring plaintiff to present clear and convincing evidence to warrant a change in physical custody.

However, even if the trial court did err in requiring plaintiff to present clear and convincing evidence to warrant a change of custody, plaintiff was not prejudiced. Because of our determination in part II that the trial court's findings of fact on the challenged best interest factors were not clearly erroneous and, therefore, that the court did not err in determining that defendant prevailed under the best interest factors under either standard, the preponderance of the evidence standard or the clear and convincing standard, the trial court did not err in denying plaintiff's petition to change custody.

---

[5] We acknowledge that this is a somewhat unusual case in that the mother had legal custody, a custodial environment existed with the maternal grandparents, and the grandparents were not seeking legal custody of the child. The trial court's order denying plaintiff's request to modify custody was, in a way, arguably a de facto grant of custody to the maternal grandparents. However, plaintiff has not challenged this aspect of the trial court's ruling on appeal. Therefore, any potential claim of error raised by these circumstances need not be addressed here.

II

Plaintiff next argues that the court erred in finding the parties were equal with respect to best interests factor c, MCL 722.23(c); MSA 25.312(3)(c). We disagree.

Custody disputes are to be resolved in the child's best interests, as measured by the factors set forth in MCL 722.23; MSA 25.312(3). *Deel v Deel*, 113 Mich App 556, 559; 317 NW2d 685 (1982). Generally, the trial court must consider and explicitly state its findings and conclusions regarding each factor, and the failure to do so is usually error requiring reversal. *McCain v McCain*, 229 Mich App 123, 124; 580 NW2d 485 (1998); *Daniels v Daniels*, 165 Mich App 726, 730; 418 NW2d 924 (1988). However, the court need not " 'comment [concerning] every matter in evidence or declare acceptance or rejection of every proposition argued.' " *Fletcher*, *supra*, 447 Mich 883, quoting *Baker v Baker*, 411 Mich 567, 583; 309 NW2d 532 (1981).

In this case, the trial court found that the parties were equal with regard to factors a, b, c, e, f, g, h, i, j, and k. The court found that factor d favored defendant. Plaintiff challenges the trial court's finding that the parties were equal with regard to factor c. Factor c refers to "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs." MCL 722.23(c); MSA 25.312(3)(c). As indicated, the trial court, without much elaboration, found that the parties were equal with regard to factor c. The trial

court's finding was not against the great weight of the evidence. Although the evidence indicated that plaintiff, when working, earned more money than defendant, the evidence showed that defendant was capable of providing Brooklyn with food, clothing, and medical care. Moreover, plaintiff was voluntarily unemployed at the time of the custody hearing and collecting unemployment compensation. Defendant was gainfully employed at a full-time job. Further, the evidence indicated that in addition to her salary, defendant received child support payments. Therefore, any disparity in incomes at the time of the custody hearing was not as great as plaintiff claims. Under these circumstances, it cannot be said that the trial court should have found that factor c favored plaintiff.

Plaintiff also argues that the trial court should have referred to the report of the friend of the court under factor l. Factor l refers to "[a]ny other factor considered by the court to be relevant to a particular child custody dispute." MCL 722.23(l); MSA 25.312(3)(l). Plaintiff claims that even though the report of the friend of the court was admitted as evidence at the custody hearing on the basis of the parties' stipulation, the trial court failed to consider the report, which recommended that plaintiff receive custody.[6] However, just because the trial court failed to mention the report under factor l does not mean that the court did not consider the report. In fact, the court affirmatively stated on the record that it had reviewed the friend of the court report and the attachments

---

[6] A report by the friend of the court may be used as evidence if the parties agree to such use. *Nichols v Nichols*, 106 Mich App 584, 588; 308 NW2d 291 (1981).

appended thereto and asked the parties if the report could be used as evidence in this case. The parties stipulated the admission of the report. Hence, contrary to plaintiff's claim, which is inferential, it appears to us from the record that the trial court did consider the report. The trial court's failure to comment concerning the report in its findings of fact is not fatal. The court is not required to comment on every piece of evidence. *Fletcher, supra* at 883.

The trial court's findings of fact with respect to the factors in question were not contrary to the great weight of the evidence, nor was its discretionary ruling regarding the ultimate custody decision an abuse of discretion.

Affirmed.