GREER v ALEXANDER

Docket No. 231430. Submitted October 9, 2001, at Lansing. Decided November 9, 2001, at 9:05 A.M. Leave to appeal denied, 465 Mich ___.

Debra V. Alexander obtained a divorce from Thomas P. Alexander in the Roscommon Circuit Court, Ronald M. Bergeron, J., and was granted legal and physical custody of the parties' children. Debra Alexander thereafter married Darren K. Greer and she and the children lived with Greer. After Debra Alexander died, Greer became the permanent guardian of the Alexander children. Greer and Thomas Alexander each petitioned the circuit court for custody of the children. Following a trial, the court modified the judgment of divorce to award legal custody of the children jointly to Greer and Alexander and physical custody solely to Greer, deciding that an established custodial environment existed with Greer and that Alexander had failed to prove by a preponderance of the evidence that a change in custody would be in the children's best interests. Alexander subsequently petitioned the court for a change of custody. The court ordered a change of physical custody from Greer to Alexander, deciding that although an established custodial environment existed with Greer, Alexander, as the children's natural father, enjoyed a presumption that custody with him would be in the best interests of the children, and that Greer failed to show by even a preponderance of the evidence that it would not be in the best interests of the children to award custody to Alexander. Regarding the best interest factors of MCL 722.23, the court found that four factors weighed in favor of Greer, one factor favored Alexander, and the rest favored neither. Greer appealed, and Alexander cross appealed.

The Court of Appeals *held*:

1. Alexander's cross appeal concerns the trial court's earlier order awarding physical custody of the children to Greer. Because Alexander did not appeal from that order, the Court of Appeals lacks jurisdiction to review the issue raised on cross appeal.

2. In every custody dispute involving the natural parent of a child and a third-party custodian, a strong presumption exists that parental custody serves the child's best interests. To properly recognize

the fundamental constitutional nature of the parental liberty interest in childrearing decisions while at the same time maintain the statutory focus on the decisive nature of the child's best interests, custody of the child should be awarded to the third-party custodian instead of the child's natural parent only when the third-party custodian proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within MCL 722.23, taken together, clearly and convincingly demonstrate that the child's best interests require placement with the third-party custodian. Only when such a clear and convincing showing is made should a trial court infringe the parent's fundamental constitutional rights by awarding custody of the child to the third party. This matter must be remanded to the trial court for an evidentiary hearing at which the trial court must consider up-to-date information and apply the proper standard.

Reversed and remanded for further proceedings.

PARENT AND CHILD — CHILD CUSTODY — NATURAL PARENTS — THIRD-PARTY CUSTODIANS.

A natural parent in a child custody dispute with a third-party custodian with whom the child has an established custodial environment enjoys a presumption that custody with the parent is in the child's best interests, while the third-party custodian enjoys a presumption that continuation of the established custodial environment is in the child's best interests; the parent, however, has a constitutionally recognized liberty interest in making childrearing decisions; to properly recognize that interest while at the same time maintain the statutory focus on the decisive nature of the child's best interests, custody of the child should be awarded to the third-party custodian instead of the natural parent only when the third-party custodian proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns, taken together, clearly and convincingly demonstrate that the child's best interests require placement with the third-party custodian (MCL 722.23, 722.25[1], 722.27[1][c]).

*Judith A. Curtis*, for the plaintiff.

*Lawrence J. Emery*, for the defendant.

Before: K. F. KELLY, P.J., and MURPHY and FITZGERALD, JJ.

PER CURIAM. Plaintiff appeals as of right the December 1, 2000, order granting defendant's petition to change custody of the two minor children from plaintiff, the children's stepfather, to defendant, the children's natural father. Defendant cross appeals by leave granted. We reverse and remand.

Defendant and Debra V. Alexander, the mother of the children, were married in 1988. Two daughters were born of the marriage, Cassaundra in 1991 and Katherine in 1994. At some point during the marriage, the parties moved to Kentucky because defendant was unable to maintain steady work in Michigan. In 1994 or 1995, Debra and the children moved back to Michigan. Defendant was convicted of cocaine possession in Kentucky in 1994 and spent ninety days in jail and was sentenced to a three-year term of probation.

Debra obtained a divorce in October 1995. The judgment of divorce awarded Debra sole legal and physical custody of the children, and defendant was awarded supervised parenting time. The relevant provision of the judgment provided that "[d]ue to the tender age of the children and Defendant's [Thomas Alexander's] absence from the children, Defendant shall have supervised visitation" and that supervised visits were "to continue until such time as a bonding relationship between Defendant and minor children is shown to exist."

In April 1998, Debra married plaintiff. One son was born of the marriage in January 1999. In late March 1999 Debra died. Between the time of the divorce and Debra's death, defendant visited the children only "two or three times" and was $15,000 in arrears in child support.

On April 1, 1999, plaintiff sought and was granted temporary guardianship over the children. After a hearing at which defendant was represented by counsel, the guardianship became permanent. Defendant did not appeal the order.

Thereafter, both plaintiff and defendant filed petitions for custody of the children. On November 29, 1999, a bench trial was conducted. The trial court found that an established custodial environment existed with plaintiff and that defendant had failed to meet his burden of proving by a preponderance of the evidence that a change in custody was in the children's best interests. On December 22, 1999, the court entered an order modifying the judgment of divorce to award joint legal custody of the children to plaintiff and defendant, with physical custody awarded to plaintiff. Defendant was awarded parenting time, and the children's maternal grandparents, Richard and Alice Vincent, were awarded visitation. Defendant did not appeal this decision.

Six months later, in June 2000, defendant filed a petition to change custody, and filed an amended petition in August 2000. Plaintiff moved to dismiss the petitions on the ground that no proper cause or changed circumstances were alleged to justify reopening the custody decision. The court denied the motion, and a hearing on the petition to change custody was held on October 30, 2000. In an oral ruling, the trial court found that the children's established custodial environment was with plaintiff, but found that a presumption in favor of a natural parent existed and that plaintiff failed to show by even a preponderance of the evidence that it would not be in the best interests of the children to award custody to

defendant. Despite expressing doubt whether the best interest factors were applicable in light of the statutory presumption in favor of the natural parent, the judge analyzed the factors anyway, finding that four factors favored plaintiff, that one factor favored defendant,[1] and that the parties were equal on the remaining factors. The judge ordered physical custody to be changed to defendant, with provisions to ensure a continuing relationship between the children and plaintiff, their half-brother, and their maternal grandparents.[2]

I

Initially, we note that defendant argues on cross appeal that the trial court's decision in the first custody trial was wrongly based on the court's finding that an established custodial environment existed with plaintiff and that plaintiff should have been required to overcome the statutory presumption in favor of defendant's custody of the children, as their biological father, by clear and convincing evidence. However, the December 22, 1999, order was not appealed and, therefore, we do not have jurisdiction to review the trial court's decision.

II

Plaintiff argues that the trial court applied an inappropriate legal standard in ruling on defendant's petition for change of custody. Plaintiff relies on *LaFleche*

---

[1] The court found that the catchall factor favored defendant because of the presumption in favor of the natural parent.

[2] This Court granted plaintiff's motion for stay pending appeal.

*v Ybarra*, 242 Mich App 692; 619 NW2d 738 (2000), in arguing that the appropriate legal standards for this type of custody matter are as follows:

> MCL 722.25(1); MSA 25.312(1) provides that when the dispute is between the parent or parents and an agency or a third person, it is presumed that the best interest of the child is served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence. *Rummelt* [*v Anderson*, 196 Mich App 491, 494; 493 NW2d 434 (1992)]. However, as above indicated, the established custodial environment presumption contained in MCL 722.27(1)(c); MSA 25.312(7)(1)(c) provides that courts are not to change the established custodial environment of a child unless there is presented clear and convincing evidence that it is in the best interest of the child. There is a conflict in these two presumptions in cases involving a natural parent seeking custody from a third party who has provided an established custodial environment. *Rummelt, supra* at 494. This Court has previously concluded that, "in instances in which both the parental presumption of § 5 and the established custodial environment presumption of § 7 are applicable, the burden of proof evolves into a preponderance of the evidence." *Glover v McRipley*, 159 Mich App 130, 146; 406 NW2d 246 (1987). Each party bears the burden of proof vis-a-vis his own presumption but "the burden of persuasion rests with the parent challenging an established custodial environment in the home of a third party." *Id.* at 147, see also *Rummelt, supra* at 496. [*LaFleche v Ybarra, supra* at 696-698.]

Thus, plaintiff contends that the trial court gave too much weight to the statutory presumption in favor of defendant as the natural parent, failed to place the burden of persuasion on defendant to challenge the established custodial environment existing with plaintiff, and failed to recognize the importance of determining whether a change of custody was ultimately in the best interests of the children.

However, defendant argues that the *LaFleche* standard's placement on him of the burden of proving that a change of the children's custody would serve the children's best interests would infringe on defendant's fundamental liberty interest in raising his children. In support of this argument, defendant cites *Troxel v Granville*, 530 US 57; 120 S Ct 2054; 147 L Ed 2d 49 (2000), in which the Supreme Court emphasized the fundamental constitutional right of parents to raise their children and make decisions regarding visitation and, necessarily, custody.

Recently, in *Heltzel v Heltzel*, 248 Mich App 1, 21-24; 638 NW2d 123 (2001), this Court, faced with a custody dispute between a natural parent and a third party, examined *Troxel* and concluded:

> In light of the recent Supreme Court decision emphasizing the fundamental constitutional right of parents to raise their children and make decisions regarding visitation, and necessarily custody, we find the instant trial court's determination of the child's custody, premised on *Rummelt*, *supra*, constitutionally infirm. Even though the trial court did not view defendant as an abusive or neglectful parent or a threat to the child, the court nonetheless in its analysis failed to accord defendant's fundamental interest in raising the child any special weight. According to the *Rummelt* panel's analysis of the interplay between the natural parent presumption, subsection 5(1), and the established custodial environment factor, subsection 7(1)(c), and as the Supreme Court in *Troxel* found constitutionally offensive, *id.* at 68-70, the trial court placed on defendant the ultimate burden of persuading the court that the child belonged in the custody of her natural mother. Furthermore, the trial court's application of the simple preponderance of the evidence standard set forth in *Rummelt* for reaching a decision regarding the child's best interests plainly and unconstitutionally invited the court to enforce its own judicial opinion regarding what custody situation best would serve the

child's interests, irrespective of the natural mother's wishes. The Supreme Court in *Troxel* explicitly found unacceptable such enabling of a court, in a case involving "nothing more than a simple disagreement between the . . . Court and [the parent] concerning [t]he[] children's best interests," to "make childrearing decisions simply because [the] state judge believes a 'better' decision could be made." *Troxel, supra* at 72, 73.

"[I]f a fit parent's decision of the kind at issue here becomes subject to judicial review, the court must accord at least some special weight to the parent's own determination." *Troxel, supra* at 70. We reject the *Rummelt* solution in this case because that Court's analysis of the interplay between subsections 5(1) and 7(1)(c) accords the fit parent's custody determination absolutely no deference whatsoever. To the contrary, the *Rummelt* solution unconstitutionally places on the natural parent the ultimate burden of persuasion that an award of custody to the parent would serve the child's best interests. *Rummelt, LaFleche,* and *Glover,* the case on which the *Rummelt* Court premised its analysis, did not acknowledge or address any constitutional implications of their decisions when applying both subsection 5(1) and 7(1)(c). Because *Rummelt* did not consider the United States Supreme Court's recent reminder of the importance of the fundamental parental liberty interest, we note that we are not bound to follow *Rummelt.* MCR 7.215(I)(1).

We therefore conclude that in this case involving a fit natural mother seeking a change of her child's custody from an established custodial environment with third persons, the trial court's application of the test set forth in *Rummelt,* for resolving cases involving tension between the natural parent and established custodial environment presumptions, constituted clear legal error because it violated defendant's fundamental liberty interest in raising her children. *Troxel, supra* at 72-73. In light of the fact that the evidence presented at the hearing did not weigh strongly against an award of custody to defendant, the trial court's unconstitutional application of an incorrect burden of proof cannot be considered harmless. Consequently, we must remand this

case for the trial court's reconsideration. The trial court on remand must give defendant's fundamental liberty interest in childrearing appropriate consideration, and should consider up-to-date information. *Fletcher v Fletcher*, 447 Mich 871, 889 (BRICKLEY, J.), 900 (GRIFFIN, J.); 526 NW2d 889 (1994).

In providing some guidance for the court on remand when attempting to reapply subsections 5(1) and 7(1)(c), the Court stated:

> We note that several panels of this Court, although not speaking in constitutional terms, addressed the concurrent application of subsections 5(1) and 7(1)(c) in a manner that we find more properly deferential to the fundamental nature of the parent's interest in childrearing when determining whether to grant the natural parent custody, thus changing the child's established custodial environment with a third party.
>
> "This Court has struggled with the interaction between these two presumptions on many occasions, most recently in *Glover v McRipley*, 159 Mich App 130; 406 NW2d 246 (1987). But see also *Deel v Deel* [113 Mich App 556; 317 NW2d 685 (1982)]; *Stevens v Stevens*, 86 Mich App 258; 273 NW2d 490 (1978); *Siwik v Siwik*, 89 Mich App 603; 280 NW2d 610 (1979); *Bahr v Bahr*, 60 Mich App 354; 230 NW2d 430 (1975). Having examined these cases, we agree with the *Deel* panel's recognition that the two presumptions are not to be considered equally.
>
> " '[T]he language used in the statutes suggest[s] that the presumptions are not, in fact, of equal weight. While the established custodial environment is to be favored unless there is clear and convincing evidence that a change is in the best interests of the child, it is presumed that the best interests of the child are served by granting custody to the natural parent.' " [*Deel, supra*, p 561.]
>
> "We also agree with the following language cited favorably in both *Deel* and *Bahr, supra*:
>
> " '*[The presumption that the best interests of the child would be served by granting custody to the natural parent]*

*remains a presumption of the strongest order and it must
be seriously considered and heavily weighted in favor of
the parent. Nevertheless, if the "clear and convincing" evi-
dence establishes that the best interest of the child is served
by awarding custody to the third party, the presumption
is rebutted.' "* [*Deel, supra,* pp 561-562.]

*       *       *

"*While it is true that in any child custody dispute the
overriding concern is for the best interests of the child, it
is also presumed that the best interests of a child are
served by placing custody with the natural parent, unless
otherwise shown by clear and convincing evidence.* MCL
722.25 . . . . We agree that a showing that a parent is unfit is
not required to overcome this presumption. *Stevens v Ste-
vens, supra,* and *Bahr v Bahr, supra.* Nonetheless, we con-
strue the 'clear and convincing evidence' standard to be a
substantive standard rather than just an evidentiary stan-
dard. . . . *Consequently, in order to overcome the natural
parent presumption, the trial judge was required to find
that, when all of the factors in MCL 722.23 . . . were collec-
tively considered, defendant [the third party providing an
established custodial environment] clearly and convinc-
ingly established that the best interests of the children
required maintaining custody with defendant. It is not
sufficient that defendant may have established by clear
and convincing evidence that a marginal, though distinct,
benefit would be gained if the children were maintained
with him.* [*Henrikson v Gable,* 162 Mich App 248, 252-253;
412 NW2d 702 (1987) (emphasis added).]"

See also *Deel, supra* at 562 (explaining that "[r]ecognition
of both presumptions does not . . . remove the third party's
burden to show that custody in his or her favor is in the
child's best interests"); *Stevens, supra* at 267 ("The pre-
sumption in favor of the natural parent is rebutted if clear
and convincing evidence establishes that the best interests
of the child are served by awarding custody to the third
party."); *Bahr, supra* at 359 (recognizing that the Child Cus-
tody Act required that the natural parent presumption
"must be seriously considered and heavily weighted in favor

of the parent," but that the presumption is rebutted "if the 'clear and convincing evidence' establishes that the best interest of the child is served by awarding custody to the third party").

We agree with the foregoing analysis of the appropriate interplay between subsections 5(1) and 7(1)(c). In enacting the Child Custody Act, the Legislature plainly recognized the fundamental constitutional nature of a parent's interest in childrearing when it enacted the presumption that in all custody disputes involving natural parents and third persons, absent clear and convincing evidence to the contrary, parental custody served the child's best interests. Subsection 5(1). The Legislature also clearly recognized the importance of an established custodial environment to the development of children. Subsection 7(1)(c). We do not believe, however, that the Legislature intended that in every custody dispute between a noncustodial natural parent and a third-person custodian, the third-person custodian could eliminate the fundamental constitutional presumption favoring custody with the natural parent, and thus arrive on equal footing with the parent with respect to their claim of custody to the parent's child, merely by showing that the child had an established custodial environment in the third person's custody. This interpretation, employed in *Rummelt*, fails to take into proper account the parents' fundamental due process liberty interest in childrearing.

The Legislature has decreed that in any custodial dispute the child's best interests, described within MCL 722.23, must prevail. *Eldred v Ziny*, 246 Mich App 142, 150; 631 NW2d 748 (2001). [*Heltzel v Heltzel, supra* at 24-27.]

The *Heltzel* Court then concluded:

In every custody dispute involving the natural parent of a child and a third-person custodian, the strong presumption exists, however, that parental custody serves the child's best interests. We hold that, to properly recognize the fundamental constitutional nature of the parental liberty interest while at the same time maintaining the statutory focus on the decisive nature of an involved child's best interests,

custody of a child should be awarded to a third-party custodian instead of the child's natural parent only when the third person proves that all relevant factors, including the existence of an established custodial environment and all legislatively mandated best interest concerns within § 3, taken together clearly and convincingly demonstrate that the child's best interests require placement with the third person. Only when such a clear and convincing showing is made should a trial court infringe the parent's fundamental constitutional rights by awarding custody of the parent's child to a third person. We reiterate the Supreme Court's warning that "the Due Process Clause does not permit a State to infringe on the fundamental right of parents to make childrearing decisions simply because a state judge believes a 'better' decision could be made," *Troxel, supra* at 72-73, and remind trial courts considering competing custody claims of a noncustodial natural parent and a third-person custodian that it is not sufficient that the third person may have established by clear and convincing evidence that a marginal, though distinct, benefit would be gained if the children were maintained with him. *Henrikson, supra* at 253. [*Heltzel, supra* at 27-28.]

Here, the trial court expressed doubts regarding the proper standard to be applied in deciding defendant's petition for change of custody. In light of the pronouncement in *Heltzel* regarding the appropriate standard to be applied in custody disputes between a natural parent and a third-party custodian, we conclude that a remand for an evidentiary hearing wherein the trial court can apply the standard announced in *Heltzel* is warranted. On remand, the trial court should consider up-to-date information. *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994).

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.