*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAIMUR A. CLEARY,

Plaintiff-Appellee,

v

MEHREEN KHALID,

Defendant-Appellant.

UNPUBLISHED
May 28, 2019

No. 345719
Marquette Circuit Court
Family Division
LC No. 16-054759-DM

Before: BECKERING, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

In this custody dispute, defendant-mother, Mehreen Khalid, appeals as of right the trial court's order denying her motion for a change of domicile concerning the parties' minor child. We affirm in part, reverse in part, and remand to the trial court.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant and plaintiff-father, Taimur A. Cleary, were married in 2009 and had one minor child together, AC, born November 28, 2012. Both parties received college degrees in the fine arts. During their marriage, the parties moved extensively due to the difficulty of finding employment in their chosen career fields. The parties first resided in Pakistan before moving to Ohio. They later moved to Arkansas, and, in 2015, they moved to Marquette, Michigan. Each move was prompted by job opportunities for plaintiff. At the time of the trial court proceedings, plaintiff was as an assistant professor of painting at Northern Michigan University; he held a three-year position that allowed him to apply for tenure.

The parties divorced in May of 2017. Under the judgment of divorce, the parties received joint legal custody of the minor child and defendant received primary physical custody. During the school year, plaintiff received parenting time on Wednesdays (overnight) and every-other weekend. The parties alternated weeks during the summer months. Each party had holiday parenting time and an additional four weeks of parenting time that could be exercised after giving 30 days' notice.

In April of 2018, defendant filed a motion to change domicile for herself and AC. Defendant had been offered a job in Ithaca, New York, as an assistant professor of photography. This position offered significant financial improvement over her current employment prospects in Marquette. In response, plaintiff filed a motion to change custody, arguing that defendant's proposed change of domicile constituted proper cause or change in circumstances.

The Friend of the Court referee conducted a hearing and recommended that defendant's motion be denied. The trial court adopted the referee's recommendation, and defendant filed an objection to the recommendation. After a de novo review hearing, the trial court accepted the referee's findings, analysis, and conclusions as its own, and denied defendant's motion. The trial court made no mention of plaintiff's motion to change custody. At the time of the de novo review hearing, defendant had apparently already accepted her job offer and moved to Ithaca, New York, leaving AC in the primary custodial care of plaintiff.[1]

## II. ANALYSIS

### A. STANDARDS OF REVIEW

"This Court reviews a trial court's decision regarding a motion for change of domicile for an abuse of discretion . . . ." *Rains v Rains*, 301 Mich App 313, 324; 836 NW2d 709 (2013). Similarly, this Court reviews custody decisions for an abuse of discretion. *Vodvarka v Grasmeyer*, 259 Mich App 499, 507-508; 675 NW2d 847 (2003). An abuse of discretion occurs when "the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will or the exercise of passion or bias." *Rains*, 301 Mich App at 324 (quotation marks and citations omitted). Concerning questions of fact, this Court must not substitute its judgment for that of the trial court "unless the facts clearly preponderate in the opposite direction." *Id*. (quotation marks and citation omitted). However, if the trial court makes an error in the law that influences its findings of fact, then this Court's review is not limited to clear error. *Id*. at 324-325. Finally, the "trial court's findings regarding the existence of an established custodial environment are reviewed under the 'great weight of the evidence' standard and must be affirmed unless the evidence clearly preponderates in the opposite direction." *Id*. at 325 (citation omitted). Questions of law are reviewed de novo. *Id*.

### B. DISCUSSION

Defendant first argues that the trial court erred in finding that the move to Ithaca, New York, would have modified or affected the established custodial environment between plaintiff and AC. We disagree.

Contained within the Child Custody Act of 1970, MCL 722.21 *et seq*., is MCL 722.31(1), which states in pertinent part:

---

[1] Subsequent motions filed in this matter are not addressed as they are not part of this appeal.

Except as otherwise provided in this section, a parent of a child whose custody is governed by court order shall not change a legal residence of the child to a location that is more than 100 miles from the child's legal residence at the time of the commencement of the action in which the order is issued.

This Court has enumerated the four steps that a trial court must undertake in deciding whether to grant or deny a motion to change domicile:

First, a trial court must determine whether the moving party has established by a preponderance of the evidence that the factors enumerated in MCL 722.31(4), the so-called *D'Onofrio*[2] factors, support a motion for a change of domicile. Second, if the factors support a change in domicile, then the trial court must then determine whether an established custodial environment exists. Third, if an established custodial environment exists, the trial court must then determine whether the change of domicile would modify or alter that established custodial environment. Finally, if, and only if, the trial court finds that a change of domicile would modify or alter the child's established custodial environment must the trial court determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors in MCL 722.23 have been established by clear and convincing evidence. [*Rains*, 301 Mich App at 325.]

The burden is on the party seeking the change in domicile to show by a preponderance of the evidence that the change in domicile is warranted. *Rains*, 301 Mich App at 326-327.

In the present case, there is no dispute on appeal regarding the domicile factors or the existence of a joint established custodial environment. Defendant disputes only the court's finding that the move would have affected the custodial environment between AC and plaintiff. Under the parenting-time schedule implemented from the custody orders, plaintiff had approximately 138.5 overnights with AC. Plaintiff testified at the referee hearing that he would not realistically be able to exercise parenting time every other weekend during the school year, as he was under his current parenting-time schedule. Even defendant conceded in her testimony that it was not a realistic prospect for defendant to drive from Michigan to New York every other weekend. Although defendant suggested that plaintiff could travel by air, she stated that she would be unable to bear any transportation costs. Further, plaintiff's testimony suggested that his work schedule would not permit him to make such extensive travel regardless of the mode of transportation. Plaintiff testified that he would likely be able to achieve only a couple of weekend visits each year. Furthermore, the parties both indicated in their testimony that such an extensive amount of travel would not be realistic for AC. Additionally, there was no dispute over the fact that plaintiff would lose his Wednesday overnight visits during the school year.

---

[2] *D'Onofrio v D'Onofrio*, 144 NJ Super Court 200; 365 A2d 27 (Ch Div, 1976), aff'd 144 NJ Super 352 (App Div, 1976).

Clearly, following defendant's proposed change of domicile, plaintiff's parenting time would have likely been, at the most, between approximately 68 and 80 days. This constituted a significant reduction in plaintiff's parenting time, which was approximately 138.5 overnight visits per year under the parenting-time order in place at the time of the motion, and it supported the determination that the custodial environment would have been altered or modified. See *Lieberman v Orr*, 319 Mich App 68, 86-87 & n 9; 900 NW2d 130 (2017) (holding that a reduction from 225 to 140 days constituted a change of custody and "would likely affect the established custodial environment").

Moreover, the move affected not only the number of overnights between plaintiff and AC, but also the *nature* of plaintiff's parenting time. Under the existing parenting-time schedule, plaintiff was able to see AC almost every week for at least one day. The established custodial environment, therefore, was based on consistent contact between plaintiff and AC. In contrast, the move to New York would have prevented plaintiff from seeing AC for substantial periods of time during the school year. Even if given more time on holidays and during the summer, as proposed by defendant, this would not have been the same as plaintiff's far more consistent contact with AC during the school year.

Defendant next argues that the referee and trial court committed clear legal error by failing to explicitly state findings regarding each best-interest factor when deciding her motion for change of domicile. We agree.

As previously discussed, when deciding whether to grant a motion to change domicile, the trial court must determine if an established custodial environment exists and, if it does, whether the change would alter or modify that environment. *Rains*, 301 Mich App at 325. If the trial court determines that the environment would be altered or modified, then the trial court must then "determine whether the change in domicile would be in the child's best interests by considering whether the best-interest factors[3] in MCL 722.23 have been established by clear and

---

[3] The best-interest factors detailed in MCL 722.23 are:

> (a) The love, affection, and other emotional ties existing between the parties involved and the child.

> (b) The capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any.

> (c) The capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs.

convincing evidence." *Id*. "Generally, the trial court *must consider and explicitly state its findings and conclusions regarding each factor*, and the failure to do so is usually error requiring reversal." *LaFleche v Ybarra*, 242 Mich App 692, 700; 619 NW2d 738 (2000) (emphasis added). Although the court's "findings and conclusions need not include consideration of every piece of evidence entered and argument raised by the parties . . . the record must be sufficient for this Court to determine whether the evidence clearly preponderates against the trial court's findings." *Rains*, 301 Mich App at 329 (quotation marks and citation omitted).

In the present case, the referee failed to address factors (a), (g), (h), or (*l*). The trial court did not make independent findings of fact, but instead relied on the referee's determinations. Given the referee's lack of specificity, the trial court was required to explicitly articulate its findings and conclusions for these factors left unaddressed by the referee. Because there were no findings placed on the record for these factors, we are unable to engage in meaningful review of these factors and, by extension, the trial court's findings. See, e.g., *Rivette v Rose-Molina*, 278 Mich App 327, 329-330; 750 NW2d 603 (2008) ("In deciding a child custody matter, the trial court must evaluate each of the statutory factors pertaining to the best interest of the child and must explicitly state its findings and conclusions regarding each factor."); *Dailey v Kloenhamer*,

---

(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.

(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(f) The moral fitness of the parties involved.

(g) The mental and physical health of the parties involved.

(h) The home, school, and community record of the child.

(i) The reasonable preference of the child, if the court considers the child to be of sufficient age to express preference.

(j) The willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents. A court may not consider negatively for the purposes of this factor any reasonable action taken by a parent to protect a child or that parent from sexual assault or domestic violence by the child's other parent.

(k) Domestic violence, regardless of whether the violence was directed against or witnessed by the child.

(*l*) Any other factor considered by the court to be relevant to a particular child custody dispute.

291 Mich App 660, 667; 811 NW2d 501 (2011) ("When ruling on a custody motion, the circuit court must expressly evaluate each best-interest factor and state its reasons for granting or denying the custody request on the record."). On remand, the trial court must review the best-interest factors and independently place its findings on the record for those unaddressed by the referee.

Finally, defendant argues that the trial court committed clear legal error by failing to address the best-interest factors as they pertained to the de facto change of custody that resulted from her move to New York and the denial of her motion for a change of domicile. We agree that the trial court erred by failing to consider plaintiff's motion for change of custody or to consider the best-interest factors as they pertained to the de facto change of custody that occurred when defendant moved.

When a party seeks a change in custody or proposed change in the prior judgment, the party must first show by a preponderance of the evidence that either proper cause or change of circumstances has occurred to warrant the change. *Vodvarka*, 259 Mich App at 508-509. Once this initial determination has been made, then the trial court determines whether there is an established custodial environment. *Id*. at 509. If the change in custody or proposed change "would change the established custodial environment of a child, the moving party must show by clear and convincing evidence that it is in the child's best interest." *Shade v Wright*, 291 Mich App 17, 23; 805 NW2d 1 (2010).

In *Yachcik v Yachcik*, 319 Mich App 24, 47-48; 900 NW2d 113 (2017), the trial court denied the plaintiff's motion for a change of residence from Michigan to Pennsylvania, and, because plaintiff did, in fact, move to Pennsylvania, the court ordered a new parenting-time schedule that effectively resulted in a modification of the established custodial environment (which had been with both parties). We held that the trial court erred in failing to address the best-interest factors before preemptively entering an order modifying custody:

> [A] trial court is required to analyze the best-interest factors before entering a custody order that alters an established custodial environment, even in cases when that change in custody is prompted by a situation in which a parent, whose motion for a change in legal residence was denied, *still decides to move, or remain, a significant distance away*. [*Id*. at 50 (emphasis added).]

In the present case, a similar situation faced the trial court. The trial court's denial of defendant's motion and its failure to address plaintiff's motion to change custody, where defendant had already relocated out of state, resulted in a significant change in the established custodial environment between defendant and AC. The trial court was required to examine the best-interest factors in connection with this alteration in the established custodial environment, and the failure to do so constituted reversible error. See *Yachcik*, 319 Mich App at 47-48, 50.

On remand, the trial court must address all of the best-interest factors as they pertain to both defendant's motion for a change of domicile and plaintiff's motion to change custody, placing its findings on each factor explicitly on the record. See, *Fletcher v Fletcher*, 447 Mich 871; 526 NW2d 889 (1994).

Affirmed in part and reversed in part. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens